In the Matter of HERMAN W. GOETZ, Petitioner, v. JOSEPH H. MURPHY et al., Constituting the Tax Commission of the State of New York, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission that the amount of the insurance proceeds received upon the partial destruction of a building by fire in excess of the cost of the building, less depreciation, was not derived from a "sale or exchange" so as to represent capital gain (Tax Law, § 350, subds. 15, 13) but constituted normal income, within the broad definition of gross income (Tax Law, § 359, subd. 1). Under the former provision of the corresponding Federal statute (Revenue Act of 1934, § 117, subd. [d]; U. S. Code, tit. 26, § 117, subd. [d]), it was held that the language of the act "is to be given its ordinary meaning, and the words 'sale' and 'exchange' are not to be read any differently * * * Neither term is appropriate to characterize the demolition of property and subsequent compensation for its loss by an insurance company." (*Helvering* v. *Flaccus*

*Leather Co.*, 313 U. S. 247, 249.) Subsequent to this decision and apparently as a result of it (see *Commissioner* v. *Gillette Motor Co.*, 364 U. S. 130, 134), the Federal act was amended by the addition of a new section by the Revenue Act of 1942 (U. S. Code, tit. 26, § 117, subd. [j]) which, among other things, extends capital gains treatment to involuntary conversions of capital assets such as the conversion here involved. The fact that there was no corresponding — or any — change in the New York statute, so that there remained in effect the identical language theretofore construed, seems to us to reinforce that construction, rather than the contrary, and to render irrelevant the petitioner's citations of such authorities as *Matter of Marx* v. *Bragalini* (6 N Y 2d 322, 333) as to the "policy of our courts to adopt, whenever reasonable and practical, the Federal construction of *substantially similar tax provisions*" (emphasis supplied), as well as his citation of subdivision (a) of section 612 of the Tax Law, which, furthermore, was enacted long after the tax year here involved (and cf. *Matter of Broom* v. *Murphy*, 14 A D 2d 639, 640). We find no sound basis for petitioner's attack upon the statute as deprivative of due process and as constituting a denial of equal protection. (U. S. Const., 14th Amdt., § 1; N. Y. Const., art. I, §§ 6, 11.) There seems to us no constitutional infirmity in the Legislature's action, whether on the theory of benefit to the economy generally or for other reasons of policy, to ameliorate the deterrent effect of taxation upon voluntary sales and conversions of capital assets by giving preferred status and classification to such transactions and treating income and profits from all other sources as income subject to normal tax. Such a classification cannot, in our view, be held unlawfully discriminatory as "palpably arbitrary" (*Allied Stores of Ohio* v. *Bowers*, 358 U. S. 522, 527). That the classification may in some cases seem unfair when applied to an involuntary conversion or that the corresponding Federal taxing statute may seem fairer are not determinative and the "'unfairness' does not * * * render the statute invalid" (*Matter of Vanderbilt*, 281 N. Y. 297, 316, affd. *sub nom. Whitney* v. *Tax Comm.*, 309 U. S. 530.) Determination unanimously confirmed, with $50 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.